UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA A. BASCOM,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES PROBATION<br>OFFICE, *et al*.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-01284-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Application to Proceed *In Forma Pauperis* (ECF No. 1), filed July 13, 2018.

**BACKGROUND**

Plaintiff alleges a claim against the United States Probation Office of the District of Nevada, several probation officers, City of Henderson Fire Department and the Nevada Southern Detention Center ("Defendants"), claiming violation of her civil rights under the Fourth, Eighth and Fourteenth Amendments. ECF No. 1-1. Plaintiff represents that she has been harassed and tortured by the Defendants and suffers both physically and emotionally on a daily basis. Plaintiff requests punitive damages, and a protective order be issued. *Id*.

**DISCUSSION**

**I.　Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. §1915(a). Reviewing Plaintiff's affidavit pursuant to 28 U.S.C. §1915, the Court finds that Plaintiff is unable to pre-pay filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

1

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would be entitled him to relief." *Buckey v. Los Angeles*, 968 F. 2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal premise or a delusional factual scenario. *Neitze v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a Court dismisses a complaint under §1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a *pro se* litigant. *Eldridge v. Block*, 832 F. 2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F. 2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F. 3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F. 2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F. 3d 719, 723 (9th Cir. 2000).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled

to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678-79. A complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Plaintiff's complaint fails to state a claim for which relief can be granted for several reasons. First, the complaint alleges excessive force was used to subdue Plaintiff, leaving her with four (4) spinal cord injuries. (ECF No. 1-1), 4. She further represents that she was denied medical treatment. Absent, however, from the complaint are the facts alleging specific constitutional violations. It is insufficient to describe a sustained injury without setting forth detailed factual allegations which gave rise to the injury, as well as each Defendant's involvement. For example, the complaint indicates "the injury cause by all these officers working in conspiracy together to harm me physically with the excessive force they used while I was in handcuffs defenseles [sic] has disabled me." *Id*. These general allegations fall short of explaining how Plaintiff's Fourth, Eighth and Fourteenth Amendment rights were violated, nor does she specifically allege what acts Defendants took, that resulted in her alleged injury.

Second, Plaintiff's demand for relief requests an order of protection. Plaintiff is advised that a request for injunctive relief, i.e., a temporary restraining order or preliminary injunction, must be made under separate motion to the court, pursuant to Federal Rules of Civil Procedure 65. Plaintiff is further advised that if she continues to represent herself in this action, she must familiarize herself and comply with both the Federal Rules of Civil Procedure and Local Court Rules. [1]

---

[1] A copy of the local court rules may be found on the Court's website at: https://www.nvd.uscourts.gov/wp-content/uploads/2017/09/Local-Rules-of-Practice.pdf

3

Finally, Plaintiff attaches the affidavit of Mr. Ronald L. Moretensen, which pertains to a criminal matter previously disposed of by the Court. While there is a general rule against referencing evidence outside the complaint, an exception to the rule arises where a plaintiff references and relies on a particular document as part of the moving allegations of the complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). Here, the attached affidavit contains allegations and facts which are not set forth in the complaint itself. It is unclear to the Court the purpose of the attached affidavit and the basis for which Plaintiff brings her claims. For these reasons, the Court will dismiss Plaintiff's complaint with leave to amend to correct the noted deficiencies.

Plaintiff is informed that should an amended complaint be filed; the court cannot refer to prior pleadings in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Valdez-*Lopez v. Chertoff*, 656 F. 3d 851, 857 (9th Cir. 2011); see *Loux v. Rhay*, 375 F. 2d 55, 57 (9th Cir. 1697). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHERORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at the governments expense.

. . .

. . .

. . .

. . .

1     **IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed**, without prejudice with leave to amend. Plaintiff shall have until **September 24, 2018** to file an amended complaint correcting the noted deficiencies.

Dated this 27th day of August, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE